F I L E D
United States Court of Appeals
Tenth Circuit

APR 14 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

MILTON EDWARDS,

      Defendant - Appellant.

No. 97-5113
(D.C. No. CV-96-987-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY** Circuit Judges.[**]

Mr. Edwards, an inmate appearing pro se, appeals from the denial of his amended motion to vacate, set aside or correct his sentence, 28 U.S.C. § 2255, and seeks a certificate of appealability. Upon review of the pleadings, it is apparent that he seeks to appeal from the district court's denial of a motion for a new trial under Fed. R. Crim. P. 33.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

According to Mr. Edwards, the district court applied an incorrect legal standard and should have allowed him discovery and an evidentiary hearing on his due process claim that his conviction was obtained with falsified evidence. In his amended petition under § 2255, Mr. Edwards sought a new trial, I R. doc. 186 at 4-7 (supporting brief) (citing Fed. R. Crim. P. 33), based upon newly discovered evidence that a DEA chemist admitted, beginning in February 1996, that she did not perform a full complement of tests on marijuana, but reported otherwise. Though a different chemist testified at Mr. Edwards' 1994 cocaine trafficking trial, the notes of the DEA chemist in question were used.

Mr. Edwards' convictions were affirmed on direct appeal. See United States v. Edwards, 69 F.3d 419 (10th Cir. 1995), cert. denied, 116 S. Ct. 2497 (1996). We review a district court's decision on whether to grant a new trial for an abuse of discretion and due process claims that the prosecution failed to disclose material evidence favorable to the defendant de novo. United States v. Hughes, 33 F.3d 1248, 1251 (10th Cir. 1994). Whether to allow discovery or hold an evidentiary hearing on a motion for a new trial is reviewed for an abuse of discretion. See United States v. Blackburn, 9 F.3d 353, 358 (5th Cir. 1993), cert. denied, 513 U.S. 830 (1994); United States v. Espinosa-Hernandez, 918 F.2d 911, 913 (11th Cir. 1990).

Mr. Edwards contends that the district court erred in relying upon the

standard for granting a motion for a new trial based upon newly discovered evidence, specifically that the evidence would probably produce an acquittal. See United States v. Sinclair, 109 F.3d 1527, 1531 (10th Cir. 1997). Instead, he contends that proper standard is one applicable to claims where the government has not disclosed favorable evidence material to guilt or punishment. See Brady v. Maryland, 373 U.S. 83, 87 (1963). Thus, according to Mr. Edwards, the issue was not whether the newly discovered evidence would have produced an acquittal, but rather whether "'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" Kyles v. Whitley, 514 U.S. 419, 433 (1995) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985) (Blackmun, J.)). The short answer to Mr. Edwards' contention is that this is a case about newly discovered evidence, not about withheld evidence.

While Brady claims certainly can be made in the context of a Rule 33 motion, see Hughes, 33 F.3d at 1251 n.2, Mr. Edwards' claim simply does not involve suppression of evidence by the prosecution. The government's obligation under Brady cannot apply to evidence not in existence at the time of the criminal proceeding. The newly discovered impeachment evidence in this case relates to events that occurred well after trial, and does not involve a failure to disclose prior to or during trial.

The district court did not abuse its discretion in denying the Rule 33 motion without an opportunity for discovery and an evidentiary hearing. The newly discovered evidence pertains to the DEA chemist's reported test results on marijuana, not cocaine. The evidence suggests that the DEA chemist's lapse occurred subsequent to Mr. Edwards' conviction. The government represents that the lab report indicates that a DEA special agent performed a presumptive field test (positive) on the cocaine. I R. doc. 188 at 5. Finally, the substantial evidence of Mr. Edwards' involvement is detailed in the direct appeal. See Edwards, 69 F.3d at 425-427. We agree with the district court that Mr. Edwards has put forth no more than speculation and conjecture on this claim.

Mr. Edwards has not appealed the ineffective assistance of trial and appellate counsel claims rejected by the district court under 28 U.S.C. § 2255.

The district court's order denying the motion for a new trial is AFFIRMED. Insofar as any issues raised under 28 U.S.C. § 2255, we DENY Mr. Edwards a certificate of appealability, 28 U.S.C. § 2253(c), and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge